**GT GreenbergTraurig**

MEMORANDUM ENDORSED

Sylvia Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

November 5, 2025

**BY ECF**

Hon. Gabriel W. Gorenstein
United States District Court for the Southern District of New York
40 Foley Square, New York, NY 10007

Re:   *Kempner v. JPMorgan Chase Bank, N.A.*, Case No. 25-CV-06729-VSB-GWG—Request to Stay Responsive Pleading Deadline Until Forthcoming Motion to Compel Individual Arbitration Is Decided

Dear Judge Gorenstein:

We write on behalf of JPMorgan Chase Bank, N.A. ("Chase") pursuant to Rule 1(E) of Your Honor's Individual Practices to request that the Court stay the current responsive pleading deadline of November 20, 2025 (Doc. No. 13), through and until the Court decides Chase's anticipated motion to compel arbitration and to stay these proceedings pending the conclusion of such arbitration (the "Motion"). Chase intends to file the Motion on the current November 20 deadline to respond to the Complaint (Doc. No. 1, "Compl.").[1]

Good cause exists for a stay given the merit of Chase's forthcoming Motion. This action concerns a certificate of deposit account (the "CD Account") that Plaintiff opened with Chase, along with previously-opened checking account(s) to the extent "linked" to such CD Account and resulted in Plaintiff initially receiving a "Relationship Rate" (as opposed to a standard interest rate) for the CD Account. *See* Compl. ¶¶ 14-24. Plaintiff correctly alleges that when opening the CD Account (along with other accounts opened at Chase) he and Chase "entered into [a] Deposit Account Agreement . . . , which form[s] [a] binding contract between the parties." *Id.* ¶ 42; *see also id.* ¶ 17 (alleging that"[t]he Deposit Account Agreement [was] included in the Private Client Package" he received when opening a checking account at Chase). Indeed, Plaintiff attached the Deposit Account Agreement (the "DAA") effective as of October 15, 2023 as Exhibit A to his Complaint. *See id.* ¶ 14; Doc. No. 1-1. Plaintiff asserts a cause of action, among others, for purported breach of the DAA. Compl. ¶¶ 41-46. Specifically, he claims Chase "breach[ed] . . . the Deposit Account Agreement[] by failing to act in good faith in the 'roll over'" of the CD Account at a certain interest rate at its maturity date. Compl. ¶¶ 46.

---

[1] By Order of Reference filed September 19, 2025, Judge Broderick referred this matter to Your Honor to hear "non-dispositive pretrial motions." *See* Doc. No. 14. Should the Court consider Chase's anticipated Motion to be a "non-dispositive pretrial motion[,]" Chase acknowledges that Rule 2(A) of Your Honor's Individual Practices require a pre-motion conference prior to Chase's filing of the Motion. To the extent Chase's anticipated Motion requires such a pre-motion conference, Chase respectfully asks the Court to consider this letter to also be a request for such a pre-motion conference. And for the reasons set forth herein, Chase respectfully submits that no such conference is required, and respectfully requests leave to file the Motion on November 20 (or at such later date set by the Court).

**Greenberg Traurig, LLP | Attorneys at Law**

One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

November 5, 2025
Page 2

The version of the DAA attached to Plaintiff's Complaint contains a binding arbitration provision (with a class action waiver) that compels Plaintiff to arbitrate his claims against Chase, on an individual basis, rather than litigate them in Court.  The DAA states:

> **You and we agree that upon the election of either of us, <u>any</u> claims or disputes (as defined below) will be resolved by binding arbitration as discussed below, and not through litigation in any court** (except for matters in small claims court).
>
> This arbitration agreement is entered into pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA").
>
> YOU HAVE A RIGHT TO OPT OUT OF THIS AGREEMENT TO ARBITRATE, AS DISCUSSED BELOW. UNLESS YOU OPT OUT OF ARBITRATION, YOU AND WE ARE WAIVING THE RIGHT TO HAVE OUR DISPUTE HEARD BEFORE A JUDGE OR JURY, OR OTHERWISE TO BE DECIDED BY A COURT OR GOVERNMENT TRIBUNAL**, AND YOU AND WE ARE ALSO <u>WAIVING ANY ABILITY TO ASSERT OR PARTICIPATE IN A CLASS</u>, REPRESENTATIVE, OR CONSOLIDATED PROCEEDING, WHETHER IN COURT OR IN ARBITRATION**. <u>ALL DISPUTES</u>, EXCEPT AS STATED BELOW, **<u>MUST</u> BE RESOLVED BY BINDING ARBITRATION** WHEN EITHER YOU OR WE REQUEST IT.

Doc. No. 1-1 at 60 (bold and underlined emphases added; capitalization in original).[2]

The arbitration provision in the DAA broadly covers any claims or disputes arising from or related to the DAA and/or Plaintiff's CD Account and/or his other Chase deposit accounts.  The version of the DAA submitted by Plaintiff with his Complaint provides:

> **What claims or disputes are subject to arbitration?**
>
> **Claims or disputes between you and us <u>about your deposit account</u>, transactions involving your deposit account, and any related service or agreement with us are subject to arbitration**. Any claims or disputes arising from or relating to this agreement, any prior account agreement between us, or the advertising, the application for, or the denial, approval or establishment of your account are included. **Claims or disputes are subject to arbitration, regardless of what theory they are based on or whether they seek legal or equitable remedies**. **Arbitration applies to any and all such claims or disputes, whether they arose in the past, may currently exist or may arise in the future**. All such claims or disputes are referred to in this section as "Claims."

*Id.* (bold and underlined emphases after heading added).  Substantially similar language appears in the later versions of the DAA, including the version effective when Plaintiff filed this action. Plaintiff's claims against Chase regarding the interest rate for the CD Account are thus entirely within the scope of the DAA's mandatory arbitration provision.  Notably, the DAA allows Chase's customers to opt out of arbitration (*see id.*), but, as Chase will establish in declarations submitted with the Motion, Plaintiff did not opt out.

Chase will demonstrate that this Court and others routinely enforce the arbitration provision in the DAA under these circumstances.  *See, e.g.*, *Maslowski v. JPMorgan Chase Bank,*

---

[2] Citations herein to Exhibit A to the Complaint, filed as Doc. No. 1-1, refer to pagination given by the ECF header. A substantially similar arbitration provision is included in subsequent versions of the DAA that Chase plans to submit to the Court with its Motion via sworn testimony.

November 5, 2025
Page 3

*N.A.*, No. 24-CV-1277, Bench Ruling Transcript at 15:11-13 (S.D.N.Y. Jan. 22, 2025) (compelling arbitration, noting "[c]ourts in this Circuit have . . . enforced a . . . Chase arbitration provision where plaintiffs signed signature cards incorporating the DAA");[3] *Curtis v. JPMorgan Chase Bank, N.A.*, No. 22-CV-10286, 2024 WL 283474, at *6 (S.D.N.Y. Jan. 25, 2024) (compelling arbitration, holding "[b]y [its] unambiguous terms, the arbitration clauses" in the DAA "encompass Plaintiffs' claims"); *Stoll v. JPMorgan Chase Bank, N.A.*, No. 23-CV-4149, 2024 WL 4469174 (E.D.N.Y. July 16, 2024), at *4 (compelling arbitration, noting "courts in this circuit have enforced the same Chase DAA Arbitration provision invoked by Defendant"); *Glavin v. JPMorgan Chase Bank, N.A.*, No. 23-CV-1708, 2024 WL 1536739, at *3 (E.D. Pa. Apr. 9, 2024) (compelling arbitration, holding "Plaintiff's claims fall within the scope of the Arbitration Provisions" in the DAA as "Plaintiff's claims are based upon her deposit account and transactions involving her deposit account" and "Plaintiff's interpretation to the contrary is strained and unconvincing").

     Chase submits that a stay of its time to respond to the Complaint pending a decision on the Motion is warranted. The Motion presents a threshold issue: whether this action should proceed here or in arbitration. Allowing this action to proceed on a substantive, merits-based basis only to ultimately refer it to arbitration would waste the Court's and parties' time and resources. Indeed, all of the aforementioned courts stayed Chase's time to respond to the complaints in those actions pending a decision on Chase's motion to compel individual arbitration. *See Maslowski*, No. 24-CV-1277 at Doc. No. 12 ("Chase's time to respond to the Complaint is stayed until further order of the Court."); *Curtis*, No. 22-CV-10286 at Doc. No. 38 (staying Chase's time to respond to complaint and setting a briefing schedule on Chase's motion to compel arbitration); *Stoll*, No. 23-CV-4149, Order entered October 4, 2023 (granting Chase's "Request to Stay/Toll Chase's Time to Substantively Respond to Amended Complaint Pending Resolution of Motion"); *Glavin*, No. 23-CV-1708, Doc. No. 15 ("it is hereby ORDERED that Defendant's time to answer Plaintiff's Complaint or otherwise respond is STAYED until further order by this Court[,]" upon Chase's request for stay pending motion to compel arbitration).[4] Chase requests the same relief here.

     Chase has advised Plaintiff of its intention to file the Motion and Plaintiff consents to the stay request set forth herein. This is Chase's second request for an extension of time to respond to the Complaint. This is the first such request by Chase given the intention to proceed with the Motion.

     We appreciate Your Honor's consideration of the relief requested herein and are available at the Court's convenience should a conference be scheduled with respect thereto.

Respectfully submitted,

/s/ *Sylvia Simson*

Sylvia Simson

CC (by ECF): All counsel of record

In light of plaintiff's consent, the application for a stay of defendant's time to respond to the complaint pending Judge Broderick's decision on the planned motion to compel arbitration is granted. If the motion to compel arbitration is denied, the defendant shall respond to the complaint within 21 days of the denial. If the motion is granted, proceedings in this case shall be stayed pending conclusion of the arbitration.

So Ordered.

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

November 5, 2025